# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED SURGICAL ASSISTANTS, LLC,

    Plaintiff,

v.                                                                    Case No: 8:14-cv-211-T-30MAP

AETNA LIFE INSURANCE COMPANY,

    Defendant.

## **ORDER**

THIS CAUSE comes before the Court upon the Defendant's Motion for Extension to Respond to Motion for Remand (Dkt. #31) and Defendant's Motion to Allow Jurisdictional Discovery (Dkt. #32) and Plaintiff's Memorandum in Opposition to Defendant's Motion for Jurisdictional Discovery (Dkt. #33). Upon review and consideration, the Court concludes that the Motions should be granted.

### *Background*

United Surgical Assistants, LLC ("USA") filed this action in state court against Aetna Life Insurance Company ("Aetna") alleging causes of action related to Aetna's refusal to pay USA for medical services provided to its members. Aetna timely filed its Notice of Removal. It invoked the Court's subject matter jurisdiction based on diversity of citizenship claiming the amount in controversy exceeded $75,000 and that Aetna is a citizen of Connecticut and USA is a citizen of Florida. Aetna also alleged a basis for federal

question jurisdiction based on the complete preemption doctrine under ERISA. Aetna filed an Amended Notice of Removal amending its allegations regarding diversity of jurisdiction to state that USA is a citizen of the state of Florida based on information it derived from www.sunbiz.org regarding USA's corporate structure.

USA filed a Motion to Remand the case alleging that it is a citizen of Connecticut, and therefore not diverse. Further, USA argues that Aetna failed to produce the proper evidence to sustain its claim that this Court has federal question jurisdiction.  In support of its Motion to Remand, USA filed sworn declarations regarding the citizenship of one of the limited partners of one of its limited companies. It further asserts that it does not have any evidence of written assignments of benefits from any of the patients allegedly covered under an ERISA plan in its records. Evidence of assignment of benefits from Aetna's members to USA is a prerequisite to establishing that USA has standing to bring these claims under ERISA which is required for preemption.   Therefore, USA argues, Aetna has not met its burden to demonstrate complete preemption of USA's claims under ERISA.

## Discussion

### I. Legal Standard

The court has discretion to determine whether to allow jurisdictional discovery when the court's subject matter jurisdiction is in dispute. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) ("[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits").

## II.   Aetna's Motion for Jurisdictional Discovery

Aetna argues that it is entitled to post-removal jurisdictional discovery regarding the diversity issue because USA's claims regarding its citizenship rely upon an unidentified partner in its corporate structure that is a citizen of Connecticut. Therefore, it requests leave to conduct discovery regarding the business records of the various corporate entities including member/shareholder lists, subscription agreements and communications among the entities. It also proposes conducting depositions to determine the "location and timing of all of the entities and their members and partners."

As to the issue of federal question jurisdiction, Aetna argues that USA's claims that there are no assignment of benefits forms regarding the specific patients at issue is disputed by Aetna's declaration attaching two representative samples of forms signed by members at one of the medical facilities where USA provided services. The representative sample forms indicate that the member assigns its benefits to the "facility and any provider," which would include USA.

## III.   Post-Removal Jurisdictional Discovery

A defendant may remove under one of two instances. In the first instance, which is delineated in the first paragraph of 28 U.S.C. § 1446(b), the notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* at § 1446(b)(1).

A defendant can also remove under the third paragraph of the statute (formerly known as the "second paragraph") even if the case stated by the initial pleading was not

removable if the defendant "receives a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable." *Id*. at § 1446(b)(3).

The specific procedural provision upon which a removing party relies is critical because within the Eleventh Circuit the applicable law is different in terms of evidence used to establish a basis for removal and post-removal jurisdictional discovery. *Compare Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1188 (11th Cir. 2007) (purportedly addressing requirements of removal under § 1446(b) generally, but later limited in its application to § 1446(b)(3) removal (formerly known as a "second paragraph removal") since removing party's petition was filed more than thirty days after service of the complaint ), *with Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 747 (11th Cir. 2010) (distinguishing *Lowery* and addressing requirements of a § 1446(b)(1) removal (formerly known as a "first paragraph removal")), *Pretka*, 608 F.3d at 747 ("While we may consider dicta for its persuasive value, we are not persuaded to follow *Lowery's* dicta about the type of evidence a defendant that removes a case under the first paragraph of § 1446(b) may use in establishing the requisite amount in controversy.").

This is a "first paragraph removal" case which is not governed by *Lowery*. Aetna did not use the proper standard in its initial and amended Notice of Removal to establish USA's citizenship. *See Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F. 3d 1020, 1023 (11th Cir. 2004) (removing defendant failed to adequately allege diversity of citizenship in its notice of removal because it did not list the citizenships of all its members of its limited liability company and all the partners of the limited partnership.)

Aetna should have sought information regarding USA's citizenship prior to seeking removal. Nonetheless, the Court will permit post-removal jurisdictional discovery at this time to allow Aetna to resolve the issue at this early stage in litigation rather than remand the case to state court, only to later discover that diversity does exist. *See CSDVRS v. Purple Communications, Inc.,* Case No. 13-cv-1811-T-AEP, 2013 WL 4763948 (M.D.Fla. Sept. 24, 2013) (Moody, J.) (permitting removing defendant to conduct post-removal limited jurisdictional discovery on the issue of diversity of citizenship between the parties.)

Regarding federal question jurisdiction, Aetna presents a reasonable basis for a factual dispute. *See Wozniak v. Dolgencorp, LLC*, 8:09-CV-2224-T-23AEP, 2009 WL 4015577 (M.D. Fla. 2009) (citing *Lowery*, 483 F.3d at 1213 n. 63) ("…a bona fide fact dispute may justify some discovery and an evidentiary hearing in a proper case.") Although USA asserts that it has no record of assignment of benefits forms related to the claims at issue in this case, Aetna presented two forms for members who received services from facilities where USA allegedly provided services. This evidence appears to demonstrate that USA, as a provider, received an assignment of benefits. This dispute permits the Court to allow Aetna to conduct limited jurisdictional discovery. *See id.* Aetna admits that it does not keep copies of the assignment of benefits forms as part of its business records. USA asserts in one of its declarations that it has no assignment of benefits or other authorization form in its possession related to any of the claims at issue in this case. Therefore, Aetna's discovery as to this issue is limited to third party discovery from the facilities where USA provided its services to members to obtain the assignment of benefits forms related to the claims at issue, if any.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Allow Jurisdictional Discovery (Dkt. #32) is GRANTED.

2. Defendant may conduct limited jurisdictional discovery as described herein for a period of ninety (90) days from the date of this Order.

3. Defendant's Motion for Extension to Respond to Motion for Remand (Dkt. #31) is GRANTED.

4. Defendant shall file its Response to Plaintiff's Motion to Remand on or before the fourteenth (14th) day after the end of the limited discovery period.

**DONE** and **ORDERED** in Tampa, Florida, this 27th day of March, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-211 jurisdictional discovery 32.docx