**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED SURGICAL ASSISTANTS, LLC,**

    **Plaintiff,**

**v.**                                                      **Case No. 8:14-cv-211-T-30MAP**

**AETNA LIFE INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon: (1) Plaintiff United Surgical Assistants, LLC's Motion to Remand (Dkt. 20), Defendant Aetna Life Insurance Company's response in opposition (Dkt. 44), and Plaintiff's reply (Dkts. 48, 49); and (2) Defendant's Motion to Dismiss (Dkt. 15) and Plaintiff's response in opposition (Dkt. 21). The Court, having reviewed the motions, responses, reply, and record, and being otherwise advised of the premises, concludes that the motion to remand should be denied and the motion to dismiss should be denied.

*Background*

United Surgical Assistants, LLC ("USA") filed this action in state court against Aetna Life Insurance Company ("Aetna") alleging state law causes of action related to Aetna's refusal to reimburse USA for surgical assistant services provided to Aetna's subscribers. Aetna timely removed the action, invoking diversity jurisdiction as well as federal question jurisdiction, pursuant to ERISA's complete preemption doctrine.

USA moves to remand for lack of subject matter jurisdiction, arguing that there is not complete diversity between the parties and that its claims are not subject to ERISA preemption. Aetna moves to dismiss the complaint, arguing that the state law claims are subject to ERISA preemption and that USA failed to allege exhaustion of administrative remedies. At Aetna's request, the Court allowed jurisdictional discovery on two issues: USA's citizenship for diversity purposes and whether written assignments exist from Aetna's subscribers in favor of USA, sufficient to invoke ERISA complete preemption. The parties have completed jurisdictional discovery, and the motions are ripe for disposition.

### *Standard*s

A party may remove any case from state court that could have been brought in federal court, but the removing party bears the burden of establishing jurisdiction  *See* 28 U.S.C. § 1441(a); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). A district court must remand a case removed from state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(b). "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 2199-200 (2007). However, unlike factual allegations, conclusions

in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## *Discussion*

### *1. Motion to remand*

Although federal question jurisdiction generally exists only when a well-pleaded complaint presents issues of federal law, Aetna removed this action pursuant to ERISA's complete preemption doctrine, which creates an exception to the well-pleaded complaint rule.[1] *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011). Under that exception, "a claim will be re-characterized as federal in nature if it seeks relief under ERISA." *Id.* Under the two-part test articulated by the Supreme Court in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210, 124 S.Ct. 2488, 2496 (2004), complete preemption under ERISA exists if: (1) the plaintiff could have brought a claim under ERISA § 502(a); and (2) no other legal duty supports the plaintiff's claim. *Ehlen Floor Covering, Inc.*, 660 F.3d at 1287. For the purposes of the instant motion to remand, the parties dispute only the application of the first prong.

The Court finds that the first prong is satisfied because USA could have brought at least some of its claims pursuant to § 502(a). Section 502(a) provides that "a participant or

---

[1] USA's Amended Complaint does not include any claims based on federal law. Rather, USA pled claims for breach of contract (Counts 1 and 2), implied contract (Count 3), and declaratory judgment (Count 4) (Dkt. 2).

beneficiary" of an ERISA plan may bring a civil action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Here, USA is attempting to "recover benefits" due under health insurance plans (*e.g.*, Dkt. 2-1 at ¶¶ 30-32). And although there is no allegation that USA is "a participant or beneficiary" of an ERISA plan, it is well-established that a healthcare provider such as USA has derivative standing to sue under § 502(a) when it obtains a written assignment of claims from a patient who, himself, had standing to sue under ERISA as "a participant or beneficiary." *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241-42 (11th Cir. 2001); *Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1302-03 (11th Cir. 2010).

In the motion to remand, USA first argues that Aetna has failed to produce any evidence that the requisite written assignments exist. In response, and based on the results of its jurisdictional discovery, Aetna has produced written assignments covering at least seven of the claims for reimbursement at issue in this lawsuit (Dkt. 44 at 8-9 & Exh. A; *see also* Dkt. 2-1). Aetna has also provided internal records indicating that assignments were obtained from ERISA plan beneficiaries or participants (Dkt. 4-2 at ¶¶ 5-7; Dkt. 4-3). Moreover, in its reply brief, USA admits that "[t]his lawsuit involves many claims under health plans governed by ERISA" (Dkt. 48 at 3). Accordingly, Aetna has provided sufficient evidence that USA has derivative standing to sue under § 502(a). *See Conn. State Dental v. Anthem Health Plans*, 591 F.3d 1337, 1353 (11th Cir. 2009).

In the motion to remand, USA also argues that Aetna has failed to demonstrate that Aetna is a proper defendant for purposes of a § 502(a) claim because it is merely an insurer acting as a claims administrator. As Aetna responds, however, there is ample precedent

providing that an insurer or claims administrator may be a proper defendant in a § 502(a) claim. *Davila*, 542 U.S. at 220, 124 S.Ct. at 2501-02; *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1213 (11th Cir. 1999); *see also Ehlen Floor Covering, Inc.*, 660 F.3d at 1287; *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1353 n.4 (11th Cir. 1998).

Based on the foregoing, Aetna has met its burden, as the removing party, to demonstrate that USA could have brought its claim pursuant to § 502(a) of ERISA. Because complete preemption applies to at least some of USA's claims, federal question jurisdiction therefore provided a proper basis for Aetna's removal of this action from state court. USA's motion to remand is denied, and the Court does not reach the parties' arguments regarding diversity jurisdiction.

*2.     Motion to dismiss*

Having removed USA's state law claims to federal court based on ERISA complete preemption, Aetna moves to dismiss those same claims as preempted. In response to Aetna's motion to dismiss, USA concedes that, to the extent the Court determines that its claims are completely preempted in connection with the motion to remand, such claims would be subject to defensive preemption and vulnerable to Aetna's motion to dismiss (Dkt. 21 at 2). *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005) ("claims that are completely preempted are also defensively preempted"). As USA also argues, however, it does not appear that all claims for which USA seeks reimbursement involve ERISA plans. USA's assertion of state law causes of action with respect to those non-ERISA claims would therefore not "relate to" an ERISA plan, sufficient to trigger defensive preemption. *See* 29

U.S.C. § 1144(a); *Cotton*, 402 F.3d at 1281.  Additionally, Aetna does not otherwise argue that the Amended Complaint fails to adequately plead the elements of the state law claims for breach of contract, implied contract, or declaratory judgment.[2]

Because it is not clear, at this stage of the litigation, to what extent USA's claims involve ERISA plans, and because Aetna does not challenge USA's pleading of its state law causes of action, the motion to dismiss is denied.  This denial is without prejudice to Aetna reasserting its preemption arguments in a dispositive motion.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand (Dkt. 20) is denied.

2. Defendant's Motion to Dismiss (Dkt. 15) is denied.

**DONE** and **ORDERED** in Tampa, Florida on August 14, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

KM:sa

---

[2] Aetna's final argument regarding administrative exhaustion appears to be directed to USA's claims to the extent they are recharacterized as ERISA claims.  "[A] district court has the sound discretion to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate, or where a claimant is denied meaningful access to the administrative review scheme in place." *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000) (internal quotation marks and citations omitted).  Thus, USA's failure to allege exhaustion does not necessitate dismissal of any claims governed by ERISA, particularly given that USA has alleged that all conditions precedent to bringing its action were satisfied (Dkt. 2 at ¶ 15).