UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED SURGICAL ASSISTANTS,
LLC,

    Plaintiff,

v.                                      Case No: 8:14-cv-211-T-30MAP

AETNA LIFE INSURANCE COMPANY
and AETNA HEALTH, INC.,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Defendants Aetna Life Insurance Company's Motion to Dismiss Second Amended Complaint and Alternative Motion to Strike and For More Definite Statement (Dkt. #59) and Aetna Health, Inc.'s Motion to Dismiss Second Amended Complaint and Alternative Motion to Strike and For More Definite Statement (Dkt. #61), Plaintiff's Responses in Opposition (Dkts. #62 and #70), Aetna Life Insurance Company's Reply to Plaintiff's Response to the Motion to Dismiss (Dkt. #69) and Aetna Health, Inc.'s. Motion for Leave to File Reply to Plaintiff's Motion to Dismiss (Dkt. #71). Upon review and consideration, it is the Court's conclusion that the Motions to Dismiss should be granted in part and denied in part and the Motion for Leave to File Reply to Plaintiff's Motion to Dismiss should be denied as moot.

*Background*

United Surgical Assistants, LLC nka Intralign FL, LLC ("USA") filed this action against Aetna Life Insurance Company ("ALIC") and Aetna Health, Inc. ("Aetna HMO")

(collectively "Aetna") alleging that they refused to reimburse USA for surgical assistants provided by USA in performing two specific medical procedures. Aetna removed this case to federal court based on diversity jurisdiction and complete preemption pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"). USA claims that Aetna failed to pay under health insurance plans that are governed by ERISA. This Court denied USA's Motion to Remand and noted that although it appeared that USA could have brought its claims under §502(a) of ERISA, it is not clear to what extent USA's claims involve ERISA plans. *See* Dkt. #50.

USA then filed its Second Amended Complaint, adding Aetna HMO as a defendant. In the Second Amended Complaint USA alleges the following causes of action: breach of contract as an intended third party beneficiary, breach of implied contract, breach of § 641.3154, Fla. Stat., quantum meruit, promissory estoppel, a claim for benefits pursuant to ERISA § 502(a), "other equitable relief" under ERISA § 502(a)(3), declaratory relief under state and federal law, and a claim for a Declaration of Right to Benefits under ERISA. USA bases all of its claims on Aetna's allegedly improper denial of USA's valid claims for payment.

*Discussion*

### I. Legal Standard

The court may grant a motion to dismiss when a complaint contains simply "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss, a complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence"

in support of the claim and that plausibly suggest relief is appropriate. *Id*. On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Mere conclusory allegations, however, are not entitled to be assumed as true upon a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009).

A motion for more definite statement is appropriate if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). Upon a motion that points to the purported defects and the details desired, the Court may order the filing of a more definite statement. In considering such a motion, the Court should be mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure, pursuant to which a "short and plain statement of the claim" will suffice. Fed.R.Civ.P. 8(a)(2).

**II.     Aetna's Motions to Dismiss and Motions for More Definite Statement**

ALIC and Aetna HMO move to dismiss USA's complaint because the Second Amended Complaint does not specifically identify the health plans at issue in each of the causes of action and therefore fail to meet the minimum pleading standards in Rule 8 and 10 of the Federal Rules of Civil Procedure. Further, they argue that USA's equitable claims are precluded because USA has an adequate remedy at law. In the event the Court does not dismiss the Second Amended Complaint, they further request that the Court order USA to file a more definite statement.

USA asserts that although it is seeking relief in connection with health plans, some of which are governed by ERISA, the real dispute between the parties does not arise from specific language in the plans. The dispute derives from Aetna's alleged undisclosed payment policy where it denies coverage for claims submitted on all of its commercial plans, without regard to the specific language used in the plan documents or the medical condition of the patients involved.

### a.  USA's Failure to Meet the Pleading Standards

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of this requirement "is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (quotation omitted). Rule 10(b) further provides that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense." Fed.R.Civ.P. 10(b). The Eleventh Circuit has explained that Rules 8 and 10 allow the defendant to respond and allow the court to determine "which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." *Davis*, 516 F.3d at 980 n. 57.

The Second Amended Complaint fails to comply with the requirements of Rules 8 and 10 because it does not provide sufficient factual allegations to put Aetna and the Court on notice of the specific factual basis for each claim. Specifically, the Second Amended

4

Complaint does not provide information as to the identity of the patients for whom the procedures were performed, the specific ERISA plans that covered each patient, the terms of the plan that Aetna allegedly violated, or the dates on which the procedures were performed.  USA's Amended Complaint (Dkt. #2), which it originally filed in state court, attached a spreadsheet which identified the claims at issue which provided Aetna with the information necessary to determine the patient account numbers, dates of service, billing amounts, the plan at issue, and other relevant information. The Second Amended Complaint does not do the same.

USA argues that Aetna knows exactly what claim is at issue in this case, specifically its internal policy of systematically denying all claims provided by surgical assistants for the two specific surgical procedures. Further, USA argues that Aetna has "all the relevant health plans in its possession" and has "more than enough information to be on notice of the specific claims at issue." USA further points to its discovery request to ALIC, which attaches a spreadsheet listing the patient's name and other identifying information regarding the charges at issue in this case.

The Court is unpersuaded that USA should not have to identify any of the patients or claims at issue in its Second Amended Complaint. In spite of USA's arguments that Aetna's procedure for declining payment is the main issue in the litigation, it must still demonstrate its entitlement to payment in order to state its ERISA claims.  *See id. See also Sanctuary Surgical Centre, Inc. v. UnitedHealth Grp., Inc.*, *et. al*. 10-81589-CIV, 2013 WL 149356, at *6 (S.D.Fla. Jan. 14, 2013) (ultimately dismissing plaintiff's second

5

amended complaint asserting ERISA benefits claims because the complaint still failed to identify plan terms entitling the plaintiff to reimbursement).

In *Sanctuary Surgical Ctr., Inc. v. United Healthcare, Inc.*, *et. al.* 10-81589-CIV, 2011 WL 2134534 (S.D. Fla. May 27, 2011), four surgical centers and two medical service providers sued five different insurance companies for the denial of benefits under health plans for services rendered on unidentified dates to patients suffering from a variety of ailments. The insurance companies moved for dismissal based on the lack of identifying information as to the patients and procedures at issue.

As to the plaintiffs' failure to sufficiently plead their causes of action in a way that put defendants on notice as to the claims, the court held that:

> To comply with the requirements of Rules 8 and 10, plaintiffs must identify, to the extent possible, the patient (for privacy reasons, not by patient name, but by patient identification number), the condition the patient suffered from that necessitated the procedure, the specific ERISA plan that covered the patient, the term of the plan that defendant allegedly violated, and the date the procedure was performed. This information would be best presented in a spreadsheet format, with all the information relating to a particular patient contained in a single row. The spreadsheet can be placed inside the complaint, or attached to the complaint and incorporated by reference.

*Id*. at * 3.

The Court agrees. At a minimum, USA should provide information identifying the patient, procedure performed, date of the procedure, and transaction amount to allow Aetna to identify health plans at issue. USA should include this information at the pleading stage to allow for narrowing of the issues as soon as possible, i.e. determining which claims are preempted by ERISA, which plans involve an assignment of benefits, and whether USA states a claim upon which relief can be granted based on the specific plan terms at issue.

As discovery proceeds, USA may move to amend its complaint to add additional claims as necessary. The Court concludes that USA's claims allege sufficient facts to withstand dismissal; however Aetna is entitled to a more definite statement regarding which specific insurance claims are at issue.

### b. USA's Equitable Claims

Aetna argues that USA's equitable claims should be dismissed because USA has adequate remedies at law. Specifically, it argues that USA's claims for implied contract against ALIC and quantum meruit against Aetna HMO fail because it is also suing for breach of contract against ALIC and violation of Section 641.3154, Florida Statutes against Aetna HMO.

> Under Florida law
>
> …, the general rule is that if the complaint on its face shows that adequate legal remedies exist, equitable remedies are not available. However, this doctrine does not apply to claims for unjust enrichment. It is only upon a showing that an express contract exists that the unjust enrichment or promissory estoppel count fails. Until an express contract is proven, a motion to dismiss a claim for promissory estoppel or unjust enrichment on these grounds is premature.

*Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. 5th DCA 1998) (quoting *Mobil Oil Corp. v. Dade County Esoil Management Co., Inc.*, 982 F.Supp. 873, 880 (S.D.Fla. 1997)) (internal citations omitted). *See also Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 899 So. 2d 1222, 1228 (Fla. 1st DCA 2005) (reversing dismissal of provider's unjust enrichment claim against health plan administrator when no express contract existed between them.).

In this case, USA does not allege that there is an express contract between USA and ALIC or Aetna HMO. USA brings its breach of contract claims as a third party beneficiary of the contracts between ALIC and its subscribers. USA also alleged violation of Section 641.3154, Florida Statutes which states that "health maintenance organization is liable for services rendered to a subscriber by a provider, regardless of whether a contract exists between the organization and the provider, the organization is liable for payment of fees to the provider and the subscriber is not liable for payment of fees to the provider." Plaintiffs are permitted to plead alternative causes of action. Fed.R.Civ. P. 8(d); *Aceto Corp. v. TherapeuticsMD, Inc.*, 953 F. Supp. 2d 1269, 1287 (S.D. Fla. 2013) ("plaintiff may maintain an unjust enrichment claim in the alternative to its legal claims.") Although USA may not recover under both theories of liability, at this stage, it is premature to dismiss the equitable relief claims.

Aetna also argues that USA's equitable relief under ERISA § 502(a)(3) is inappropriate in light of its legal claim under §502(a)(1). "[A]n ERISA plaintiff who has an adequate remedy under Section 502(a)(1)(B) cannot alternatively plead and proceed under Section 502(a)(3)." *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287 (11th Cir. 2003). This remains true even if plaintiff loses his Section 502(a)(1)(B) claim on the merits. *Id*. ERISA § 502(a)(3) is a "catchall" provision that provides relief only for injuries that are not otherwise adequately provided for by ERISA. *Id*. Taking all of USA's factual allegations as true, and reviewing the relief sought by USA, it is clear that an adequate legal remedy is available under section 502(a)(1)(B). Therefore, the Court dismisses Count 8 of the Second Amended Complaint.

Aetna also moves to dismiss USA's declaratory actions under ERISA and Chapter 86, Florida Statutes. The Court concludes that USA has properly stated causes of action for declaratory relief in its Second Amended Complaint. Aetna's arguments that the declaratory relief claims are improper because they are duplicative, preempted, unripe, and they seek factual determinations and concern past acts are unpersuasive.

### III.   Aetna's Motions to Strike

Aetna also requests that the Court strike USA's allegations regarding "claims editing." Specifically, USA alleges that

> [o]n information and belief, Aetna denied USA's claims based upon an undisclosed and concealed claims editing algorithm designed to increase Aetna's profits by denying legitimate health claims for services rendered by surgical assistants.

The Court is not persuaded that this allegation is sufficiently scandalous to warrant striking it under Rule 12(f) of the Federal Rules of Civil Procedure. Motions to strike are generally disfavored, and are considered a drastic remedy to be resorted to only when required for the purposes of justice. *See Thompson v. Kindred Nursing Centers E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Board of Public Instruction of Escambia County, Fla.,* 306 F.2d 862, 868 (5th Cir. 1962)) ("A motion to strike is a drastic remedy[,]" which is disfavored by the courts and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."). Further, the Court is not persuaded that the allegations should be held to the heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure.

The Court also denies Aetna's requests to strike USA's demand for a jury trial as to its state law claims and attorney's fees as to its state law and ERISA claims. Pursuant to its state law claims, USA is entitled to demand a jury trial and attorney's fees. As previously stated, some of USA's claims involve non-ERISA plans and are therefore not preempted. Further, ERISA provides for attorney's fees pursuant to §502(g). However, the Court agrees that USA should identify the specific Florida statutes at issue in paragraph 10 of its Second Amended Complaint. USA references a range of statutes that include 200 different paragraphs, many of which are inapplicable to its causes of action, and therefore immaterial.

## *Conclusion*

USA's Second Amended Complaint is deficient in that it fails to identify the claims at issue, or provide minimal information to allow Aetna to respond to the allegations. USA's Amended Complaint and discovery requests attach a spreadsheet of specific claims at issue, and therefore, USA has in its possession the minimal information necessary to more clearly state its ERISA and other state law claims in such a way to permit Aetna to properly respond. As the Court has noted in its previous order (Dkt. # 50) and throughout this Order, it appears that USA has some non-ERISA claims, but neither the Court nor Aetna is able to identify those claims without the pertinent claims information. The distinction between the claims is relevant to Aetna's possible defenses, including the defense of complete preemption. Therefore, USA must file a more definite statement which includes identifying information regarding the specific patients and claims at issue to

comply with this Order. Further, USA shall clarify the specific statutes at issue in paragraph 10 of its Second Amended Complaint.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Aetna Life Insurance Company's Motion to Dismiss Second Amended Complaint and Alternative Motion to Strike and For More Definite Statement (Dkt. #59) and Aetna Health, Inc.'s Motion to Dismiss Second Amended Complaint and Alternative Motion to Strike and For More Definite Statement (Dkt. # 61) are GRANTED in part and DENIED in part as stated herein.

2. The Court dismisses Count 8 of the Second Amended Complaint.

3. Plaintiff United Surgical Assistants is directed to file a more definite statement as stated herein within fourteen (14) days of the date of this Order.

4. Aetna Life Insurance Company and Aetna Health, Inc. are directed to file an answer to the Second Amended Complaint within fourteen (14) days after United Surgical Assistants files its more definite statement.

5. Aetna Health, Inc.'s. Motion for Leave to File Reply to Plaintiff's Motion to Dismiss (Dkt. #71) is denied as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of October, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-211 mtd 59 and 61.docx