UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED SURGICAL ASSISTANTS, LLC,

      Plaintiff,

v.                                         Case No: 8:14-cv-211-T-30JSS

AETNA LIFE INSURANCE COMPANY
and AETNA HEALTH, INC.,

      Defendants.

_____/

## ORDER ON MOTIONS TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel the Production of Documents from Aetna Life Insurance Company (Dkt. 94) and Defendant's Motion to Compel Better Responses to Interrogatories and Requests for Production (Dkt. 95.)  A hearing was held on this matter on September 29, 2015.

## BACKGROUND

Plaintiff, United Surgical Assistants, LLC ("USA"), filed a Third Amended Complaint against Defendants, Aetna Life Insurance Company ("ALIC") and Aetna Health, Inc. (collectively, "Defendants"), on November 3, 2014, alleging claims against ALIC for breach of contract (Count I), unjust enrichment/breach of implied contract (Count II), and a claim for benefits under ERISA Section 502(a)(1) (Count VI).  (Dkt. 75.)  Plaintiff claims that Defendants improperly denied Plaintiff's valid claims for payment and refused to reimburse Plaintiff for surgical assistants' services provided by Plaintiff in performing medical procedures that were covered under Defendants' health care insurance plans.  Plaintiff seeks a declaratory judgment clarifying Plaintiff's rights to receive future benefits under Defendants' ERISA plans and attorneys' fees in accordance with ERISA Section 502(g).

On July 13, 2015, Plaintiff served its Third Request for Production of Documents on ALIC (Dkt. 94, Ex. A), to which ALIC responded.  ALIC served its First Request for Production of Documents, and Plaintiff served its responses on August 13, 2015.  (Dkt. 95, Ex. A.)  On July 14, 2015, ALIC served its Interrogatories.  (Dkt. 95, Ex. B.)  Plaintiff served its objections and answers on August 26, 2015.  (Dkt. 95, Ex. B.)  Subsequently, the parties filed the two motions to compel at issue.

## APPLICABLE STANDARDS

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1).  Relevant discovery is defined broadly as any information that "appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978).  A party may move for an order compelling disclosure or discovery.  Fed. R. Civ. P. 37.  The court has broad discretion to compel or deny discovery.  *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011).

## ANALYSIS

### 1.  Plaintiff's Motion to Compel the Production of Documents from ALIC

The Court reviewed the parties' pleadings and heard extensive argument at the hearing. For the reasons stated at the hearing, the Court grants Plaintiff's Motion to Compel as to Request for Production Number 1.  The Court also grants Plaintiff's Motion to Compel as to Request for Production Number 2 and ALIC must produce all documents related to the denial of the claims at issue in this case.  ALIC's document production is due November 2, 2015.  In addition to the

production, ALIC must provide a privilege log by November 2, 2015, regarding any matter deemed confidential.

**2. Defendant's Motion to Compel Better Responses to Interrogatories and Requests for Production[1]**

The Court reviewed the parties' pleadings and heard extensive argument at the hearing. For the reasons stated at the hearing, the Court grants Defendant's Motion to Compel as to Request for Production Number 1 to the extent that documents related to medical facilities or surgeons who were involved in the procedures at issue in this case are to be produced. The Court grants Defendant's Motion to Compel as to Request for Production Numbers 6 and 14 to the extent that documents that reference "recognized charges" are to be produced. The Court grants Defendant's Motion to Compel as to Request for Production Numbers 12 and 15 to the extent that documents regarding authorizations and pre-certifications are to be produced. The Court grants Defendant's Motion to Compel as to Request for Production Number 13 to the extent that any written procedures that Plaintiff has within its possession, custody, or control are to be produced. The Court denies Defendant's Motion to Compel as to Request for Production Number 11, as Plaintiff has previously produced documents relevant to this request.

The Court denies Defendant's Motion to Compel as to Interrogatory Numbers 3, 4, 5, 6, 9, 10, and 11, as information responsive to these interrogatories has already been provided by Plaintiff. The Court grants Defendant's Motion to Compel as to Interrogatory Number 8 to the extent that Plaintiff must provide contact information for any individuals with information responsive to this interrogatory who have not already been identified.

---

[1] Defendant's Request for Production was misnumbered after Request Number 8. The Court's Order reflects consecutively numbered requests following Request Number 8.

Accordingly, upon consideration and for the reasons stated at the hearing, it is

**ORDERED**:

1.  Plaintiff's Motion to Compel the Production of Documents from Aetna Life Insurance Company (Dkt. 94) is **GRANTED** in part.

2.  Defendant's Motion to Compel Better Responses to Interrogatories and Requests for Production (Dkt. 95) is **GRANTED** in part.

3.  On or before November 1, 2015, the parties must serve their amended discovery responses and produce responsive documents, as well as a privilege log regarding confidential information, in accordance with this Order.

**DONE** and **ORDERED** in Tampa, Florida on September 30, 2015.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record