UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED SURGICAL ASSISTANTS, LLC,

    Plaintiff,

v.                                                         Case No: 8:14-cv-211-T-30JSS

AETNA LIFE INSURANCE COMPANY
and AETNA HEALTH, INC.,

    Defendants.
_____/

## ORDER ON MOTION TO APPOINT SPECIAL MASTER

THIS MATTER is before the Court on Defendant's Emergency Motion to Appoint Special Master to Oversee Corporate Representative Deposition and Clarification of the Order on Motion for Protective Order ("Motion"). (Dkt. 125.) Although Plaintiff has not filed a response to the Motion, Defendant states that the parties were unable to agree to the relief sought by Defendants. (Dkt. 125.)

In the Motion, Defendant requests that the Court appoint a special master to preside over the deposition of Defendant's corporate representative and to clarify the scope of the deposition as previously addressed by the Court's Order on Defendant's Motion for Protective Order ("Court's Order"), which limited the scope of permissible inquiry for the depositions at issue. (Dkt. 114.) Defendant avers that during previous depositions in this case, Plaintiff has inquired about matters beyond the scope permitted by the Court's Order. (Dkt. 125.) Therefore, Defendant contends that a special master is necessary in this matter to ensure that Plaintiff complies with the Court's Order. Defendant further requests that the Court clarify its prior Order regarding the permissible scope of inquiry to avoid inquiry beyond the limits set by the Court at the remaining deposition.

## BACKGROUND

On October 19, 2015, the Court entered an Order on Defendant's Motion for Protective Order, which sought to prevent the deposition of Defendant's employee and corporate representative on the basis that no discovery beyond that which was already produced in the administrative record was necessary to resolve the claims at issue in the case. (Dkt. 97.) In its Order, the Court described the relevant scope of discovery in ERISA cases as limited, yet proportional to the standard of review to be applied in each case. (Dkt. 114.) In applying this principle to the case at issue, the Court's Order permitted discovery to the extent that the information sought related to the facts known to the administrator at the time the claims-denial decision was made. Specifically, the Court permitted inquiry regarding the following:

(1) the exact nature of the information considered by the fiduciary in making the decision;

(2) whether the fiduciary was competent to evaluate the information in the administrative record;

(3) how the fiduciary reached its decision;

(4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim; and

(5) whether a conflict of interest existed.

(Dkt. 114.)

## APPLICABLE STANDARDS

Under Federal Rule of Civil Procedure 53, the court may appoint a master in the following situations: (1) to perform duties consented to by the parties; (2) to hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by some exceptional condition or the need to perform an accounting or resolve a difficult computation of damages; or (3) to address pretrial and post-trial matters that cannot be effectively

and timely addressed by an available district judge or magistrate judge. Fed. R. Civ. P. 53(a)(1). Defendant argues that the appointment of a special master is warranted in this case under the third scenario. (Dkt. 125.)

Generally, special masters have been appointed when resolution of a case or a dispute requires resources or time in excess of what the court can reasonably provide. *See Reynolds v. McInnes*, 338 F.3d 1201, 1219 (11th Cir. 2003) (suggesting that "the district court . . . consider increased use of special masters where appropriate . . . if the judicial time and effort required to bring [the] litigation to a proper end in a reasonably prompt manner exceeds that which the district court judge with his full regular docket can devote to the case"); *see e.g., In re Engle Cases*, 767 F.3d 1082, 1093 (11th Cir. 2014) (special master appointed to identify triable cases during process of eliminating hundreds of non-viable cases on the docket in decade-long tobacco litigation). For example, special masters have been appointed to resolve complex legal issues or conduct fact-intensive inquiry. *See Perez v. Carey Int'l, Inc.*, 373 F. App'x 907, 909 (11th Cir. 2010) (special master appointed to facilitate FLSA settlement and consider motion for attorney's fees); *Klay v. All Defendants*, 425 F.3d 977, 981 (11th Cir. 2005) (special master appointed to resolve dispute regarding enforcement of a subpoena that potentially threatened confidential nature of data sought); *Talley v. Hous. Auth. of Columbus*, 131 F. App'x 693, 694 (11th Cir. 2005) (special master appointed to award value of property in Section 1983 condemnation action).

As it pertains to pretrial matters, courts have appointed special masters to oversee discovery in somewhat limited situations, such as upon a finding of blatant misconduct and disregard of the rules governing discovery and ethical and professional conduct. *See Carlson v. Bosem*, No. 06-13904, 2007 WL 1841067, at *1 (11th Cir. June 28, 2007) (special master appointed in lieu of contempt-of-court sanctions for the unprofessional and unethical conduct of parties during

deposition); *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 696 (11th Cir. 2005) (special master appointed to oversee discovery after party delayed document production and withheld discovery responses); *Alphamed, Inc. v. B. Braun Med., Inc.*, 367 F.3d 1280, 1283 (11th Cir. 2004) (special master appointed to conduct evidentiary hearing); *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1445 (11th Cir. 1985) (special master appointed to oversee the completion of discovery after party's bad-faith actions during discovery).

Absent obvious misconduct, the Federal Rules of Civil Procedure sufficiently outline the process of conducting depositions. Specifically, if a party objects to any aspect of the deposition (e.g., evidence, a party's conduct, the manner of taking the deposition), then the party must state his or her objection in a concise, non-argumentative, and non-suggestive manner on the record during the examination. Fed. R. Civ. P. 30(c)(2). After properly objecting, the testimony is to be taken subject to any objection. Fed. R. Civ. P. 30(c)(2). An instruction not to answer is only proper when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion to terminate or limit the deposition. Fed. R. Civ. P. 30(c)(2). Thus, as a last resort, counsel may move to terminate the deposition and seek a protective order if the deposition is being conducted in bad faith or in a manner that is unreasonably annoying, embarrassing, or oppressive. Fed. R. Civ. P. 30(d)(3)(A). Otherwise, "the examination still proceeds." Fed. R. Civ. P. 30(c)(2).

## ANALYSIS

Upon consideration of the applicable law and the facts of this case, the Court finds that a special master is not warranted to oversee the single remaining corporate deposition in this case, as the procedural rules are sufficient to guide the deposition and to preserve either party's objections. This case does not present circumstances that would justify court-ordered supervision

or intervention, as the facts of the case are relatively straightforward, the legal issues under ERISA are not unusually complex, only a single deposition remains to be taken, and guidance has already been provided by the Court as to the issues raised in Defendant's Motion.

The Court also denies Defendant's Motion for Clarification of the Order on Motion for Protective Order. The Court's prior Order specifies the topics of permissible inquiry. *See* Dkt. 114. Defendant sought to preclude discovery beyond that which was already produced in the administrative record. (Dkt. 97.) In its Order, the Court described the relevant scope of discovery in ERISA cases as limited and permitted discovery only to the extent that the information sought related to the facts known to the administrator at the time the claims-denial decision was made. Specifically, the Court permitted inquiry regarding the following:

(1) the exact nature of the information considered by the fiduciary in making the decision;
(2) whether the fiduciary was competent to evaluate the information in the administrative record;
(3) how the fiduciary reached its decision;
(4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim; and
(5) whether a conflict of interest existed.

(Dkt. 114.) These are fairly specific areas of inquiry. It is neither possible nor appropriate for the Court to set forth specified questions that may be asked at the deposition. If a party wishes to object during the deposition regarding the scope of inquiry, then the party may, if necessary, file a motion regarding the objections raised during the deposition so that the Court can address the issues with the benefit of the transcript containing the questions, answers, and objections. Defendant's request to preemptively limit the topics of examination before the deposition takes

place on the basis of the parties' differing interpretations of the Court's Order is premature. Accordingly, it is

**ORDERED** that Defendant's Emergency Motion to Appoint Special Master to Oversee Corporate Representative Deposition and Clarification of the Order on Motion for Protective Order (Dkt. 125) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 3, 2015.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record