UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED SURGICAL ASSISTANTS, LLC,

    Plaintiff,

v.                                                            Case No: 8:14-cv-211-T-30JSS

AETNA LIFE INSURANCE COMPANY
and AETNA HEALTH, INC.,

    Defendants.
_____/

## ORDER ON MOTION FOR SANCTIONS

THIS MATTER is before the Court on Plaintiff's Motion for Sanctions (Dkt. 120) and Defendant's Response in Opposition. (Dkt. 127). The Court held a hearing on this matter on December 10, 2015. In its motion, Plaintiff seeks sanctions against Defendant for failing to comply with the Court's prior discovery order, which directed Defendant to supplement its discovery production in response to Plaintiff's Motion to Compel the Production of Documents. (Dkt. 107.) For the reasons stated at the hearing, Plaintiff's Motion for Sanctions is denied.

The court has broad discretion to impose sanctions for failure to comply with an order to provide or permit discovery. Fed. R. Civ. P. 37(b). As such, the court has at its disposal a wide array of possible sanctions it can issue "to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999); Fed. R. Civ. P. 37(b)(2)(A). However, sanctions are not generally warranted where a party has shown that it made all reasonable efforts to comply with the court's order. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1050 (11th Cir. 1994).

Upon consideration of the applicable law, the written pleadings, and the argument of the parties at the hearing, the Court finds that sanctions are not warranted in this case, as there is no clear indication that the Court's prior discovery order was disobeyed. Additionally, in light of Plaintiff's representation at the hearing that additional time is needed to complete discovery, the Court will allow Plaintiff until December 30, 2015, to conduct the deposition of the corporate representative or designated individual of McKesson Health Solutions. Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Sanctions (Dkt. 120) is **DENIED** without prejudice.

2. Additional discovery is permitted to the extent that Plaintiff may conduct the deposition of the corporate representative or designated individual of McKesson Health Solutions by December 30, 2015.

**DONE** and **ORDERED** in Tampa, Florida, on December 10, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record