UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED SURGICAL ASSISTANTS, LLC,

     Plaintiff,

v.                                                                    Case No: 8:14-cv-211-T-30JSS

AETNA LIFE INSURANCE COMPANY
and AETNA HEALTH, INC.,

     Defendants.

_____/

**ORDER ON DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT
WITNESS DISCLOSURE AND EXCLUDE EXPERT WITNESS TESTIMONY**

THIS MATTER is before the Court on Defendants' Amended Motion to Strike Plaintiff's
Expert Witness Disclosure and to Exclude Plaintiff's Expert Witness Testimony. (Dkt. 140.) In
the motion, Defendants move to strike Plaintiff's expert witness disclosure on the basis that it was
untimely filed more than thirty days after the deadline. In response, Plaintiff contends that its
disclosure was timely under its interpretation of the deadline. For the reasons below, the Court
denies Defendants' Motion to Strike.

**BACKGROUND**

Plaintiff, United Surgical Assistants, LLC, filed this lawsuit against Defendants, Aetna Life
Insurance Company and Aetna Health, Inc., on January 28, 2014. (Dkt. 2.) In Plaintiff's Third
Amended Complaint, Plaintiff claims that Defendants improperly denied Plaintiff's valid claims
for payment and refused to reimburse Plaintiff for surgical assistant services provided by Plaintiff
in performing medical procedures that were covered under Defendants' health care insurance
plans, which are governed by ERISA. (Dkt. 75.) Thus, the crux of this lawsuit is Defendants'

payment policy and the process or rationale by which Defendants determine whether to accept or deny claims.

The parties have had a series of ongoing discovery disputes in this matter. Among their disagreements, the parties have differing views concerning the scope and the timing for discovery. Because of the protracted disagreements, the parties have not met the case management deadlines set forth in the Court's Case Management and Scheduling Order and have sought limitations concerning the scope of discovery as well as extensions of the discovery deadlines. Specifically, on September 28, 2015, Plaintiff moved to extend the discovery deadline, requesting a sixty-day extension for fact discovery from September 28, 2015, and a sixty-day extension for expert disclosures from October 9, 2015. (Dkt. 104.)

In the motion requesting an extension of the discovery deadline, Plaintiff stated that Defendants' delay in discovery and the absence of written discovery and depositions necessitated an extension of the discovery deadline. Plaintiff also requested an extension of the expert disclosure deadline, contending that it had not yet been provided Defendants' rationale for their payment policy and thus was unable to identify an expert to rebut the asserted rationale. The motion specifically referenced Plaintiff's Motion to Compel the Production of Documents, filed on September 9, 2015, which sought to compel the production of the resources used to create Defendants' payment policy and the basis for its claim-denial decisions. (Dkt. 94.) The motion also referenced Defendants' Motion for Protective Order, filed on September 22, 2015, which sought to prohibit the deposition of Defendants' employee and corporate representative. (Dkt. 97.)

On September 29, 2015, the Court held a hearing on Plaintiff's Motion to Compel the Production of Documents and ordered that Defendants produce documents responsive to Plaintiff's two requests for production by November 2, 2015. (Dkts. 106, 107.) Two days later, on October

1, 2015, District Judge James S. Moody, Jr., granted, in part, Plaintiff's motion to extend the discovery deadlines.  (Dkt. 108.)  Specifically, Judge Moody extended the discovery deadline until November 30, 2015, and extended the deadline for Plaintiff's expert disclosure "until thirty (30) days after Defendant produces its rationale for its disputed payment policy." (Dkt. 108.)  Shortly thereafter, on October 19, 2015, the Court granted, in part, Defendants' Motion for Protective Order and allowed Plaintiff to depose Defendants' employee and corporate representative as to limited areas of inquiry.  (Dkt. 114.)  The deposition of Defendants' corporate representative occurred on December 4, 2015.

## APPLICABLE STANDARDS

Pursuant to Federal Rule of Civil Procedure 26, a party must disclose to the other parties the identity of any expert witness it may use at trial.  Fed. R. Civ. P. 26(a)(2)(A).  The expert disclosure must be accompanied by a written report that contains "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B).  Expert disclosures must be made "at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).

If a party fails to identify a witness, either by untimely disclosing a witness or by failing to disclose a witness, then the party is not allowed to use that witness to supply evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  Substantial justification exists if there is "justification to a degree that could satisfy a reasonable person that parties differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010) (quotation and citation omitted). A harmless failure to disclose exists "when there is no prejudice to the party entitled to receive the disclosure." *Id.* at 683.

The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1).  *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-00040-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009).  In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence.  *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250–51 (M.D. Fla. 2012).

## ANALYSIS

In this case, the Court ordered Plaintiff to disclose its expert witnesses within thirty days of receiving Defendants' rationale for its disputed payment policy.  (Dkt. 108.)  Plaintiff served its expert disclosures on January 4, 2016.  Defendants argue that Plaintiff's disclosure is untimely because it was filed more than thirty days after Defendants' production of its rationale for its payment policy, which Defendants contend was completed on November 2, 2015, as part of Defendants' court-ordered document production.  (Dkt. 140.)  In response, Plaintiff contends that it received Defendants' rationale on December 4, 2015, during the deposition of Defendants' corporate representative and thus timely filed its disclosure within the thirty-day deadline.  (Dkt. 146.)

Upon consideration, the Court finds that Plaintiff's expert disclosure was timely.  Therefore, Plaintiff's disclosure should not be stricken and Plaintiff's expert testimony should not be excluded.  Although Defendants produced documents in response to Plaintiff's Motion to Compel in compliance with the Court's Order, discovery concerning Defendants' rationale was

not complete until after the deposition of Defendants' corporate representative was conducted. Indeed, one of the primary reasons for Plaintiff's motion to extend the discovery and expert disclosure deadline was that certain discovery remained outstanding, namely written discovery and depositions relating to Defendants' rationale for its denial of the health benefits claims at issue in the case. (Dkt. 104.) Therefore, the Court finds that the time for Plaintiff's expert disclosures was triggered by Defendants' production of its rationale, which was disclosed upon the completion of discovery on December 4, 2015. As such, Plaintiff's January 4, 2016, disclosure was timely and not subject to being stricken.

Further, Defendant is not prejudiced by the timing of Plaintiff's expert witness disclosure. The timing of Plaintiff's disclosure was likely affected, at least in part, by both parties' protracted discovery disputes. Additionally, Plaintiff's expert witness disclosure was made prior to the dispositive motion deadline and well before the May 2016 trial date. Accordingly, it is

**ORDERED** that Defendants' Amended Motion to Strike Plaintiff's Expert Witness Disclosure and to Exclude Plaintiff's Expert Witness Testimony (Dkt. 140) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on February 2, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record